IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANDRA TEMPLETON                                                                PLAINTIFF

vs.                                    Civil No. 4:16-cv-04014

CAROLYN W. COLVIN                                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sandra Templeton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her DIB application on August 13, 2012. (Tr. 14). In her application, Plaintiff alleges being disabled due to being legally blind in her right eye, vision loss and double vision in both eyes, post traumatic stress syndrome, depression and anxiety, severe depth perception loss, peripheral vision loss in both eyes, stroke in right eye, daily headaches and pain, short term memory loss, and trouble walking "in unfamiliar places without assistance." (Tr. 210).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff alleges an onset date of October 5, 2011. (Tr. 14). This application was denied initially and again upon reconsideration. (Tr. 82-100).

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 128). The ALJ granted that request and held an administrative hearing on June 25, 2014 in Texarkana, Arkansas. (Tr. 35-69). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff, Vocational Expert ("VE") Ms. Parker, and Medical Expert ("ME") Dr. Cole[2] testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (DIB). (Tr. 38). As for her level of education, Plaintiff testified he had graduated from high school. *Id.*

After this hearing, on August 29, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 5, 2011, her alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following "severe" impairments: history of aneurysm; affective disorder; depressive disorder NOS; anxiety; and posttraumatic stress disorder. (Tr. 16-20, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 21-28, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC

---

[2] The first names of "Ms. Parker" and "Dr. Cole" were not included in the transcript.

to perform the following:

> After careful consideration of the entire record, I agree with the DDS consultants and the Medical Expert the impairments reasonably result in a residual functional capacity to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday, except that the claimant can only understand, remember, and carry out simple repetitive 1-2 step tasks, make decisions, accept instructions, attend and concentrated for 2 hour periods, respond appropriately to changes in the work setting. Interpersonal contact with the public and supervisor is limited to occasional. The evidence of vision deficits is conflicting, but according to Dr. Sauer there would be no visual restrictions and I adopt her finding.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). Considering her RFC, the ALJ determined Plaintiff could not perform any of her PRW. *Id.* The ALJ also determined whether Plaintiff retained the capacity to perform other work existing is significant numbers in the national economy. (Tr. 28-29, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) poultry boner (light, unskilled) and (2) poultry eviscerator (light, unskilled). *Id.* Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from Plaintiff's alleged onset date of October 5, 2011 through the date of the ALJ's decision or through August 29, 2014. (Tr. 29, Finding 11).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 9). On December 8, 2015, the Appeals Council denied this request. (Tr. 1-3). On February 5, 2016, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 10, 2016. ECF No. 5. This case is now ripe for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in finding her vision loss was a non-severe impairment; and (2) the ALJ erred in failing to give proper weight to her non-exertional limitations. ECF No. 9 at 1-19. In making her second argument, Plaintiff claims the ALJ's evaluation of her subjective complaints was not proper. *Id.* Upon review of these claims, the Court agrees with this argument and finds the ALJ improperly evaluated her subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

5

20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not properly consider Plaintiff's subjective complaints. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ focused entirely on whether Plaintiff's subjective complaints were supported by her medical records. (Tr. 21-28). Indeed, although the ALJ did recognize the requirements of *Polaski*[4] and SSR 96-7p, the ALJ first decided that for those standard to even apply, he had to first apply the "medical reasonableness" test to see if her allegations were entirely supported by the medical records:

> The Polaski analysis in the Eighth Circuit is congruent with SSR 96-7p in requiring *the determination of medical reasonableness as a "condition precedent" to the full acceptance of the claimant's description of limitations*.

(Tr. 27) (emphasis added). The ALJ then went on to assess whether or not Plaintiff's allegations were "medically reasonable" given her medical records. *Id.* Notably, the ALJ even found Plaintiff was "sincere and genuine," but he discounted her subjective complaints because they were not fully supported by her medical records. *Id.*

Such a practice of discounting Plaintiff's subjective complaints because they were not entirely supported by her medical records is completely improper under *Polaski* and 20 C.F.R. § 404.1529. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the

---

[4] The ALJ did reason he likely did not have to follow *Polaski* because he was in the Fifth Circuit. (Tr. 27). Because he *is required* to follow 20 C.F.R. § 404.1529, which mirror the *Polaski* factors, the Court need not address this issue. However, while the ALJ is based in the Fifth Circuit, this is an Arkansas claimant from the Eighth Circuit. Thus, the ALJ should not so quickly assume that he can ignore *Polaski*.

subjective complaints]"). Accordingly, because the ALJ applied an incorrect standard in assessing Plaintiff's subjective complaints and provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[5]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of February 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[5] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.